## GALVESTON WHARF CO. v. PETERSON.

(Circuit Court of Appeals, Fifth Circuit. February 20, 1926.)

### No. 4535.

I. Railroads ⟲307(4)—Charge that, if circumstances made tracks crossing end of street going to dock dangerous, failure to maintain watchman might constitute negligence, held proper.

In suit for injuries received at night when crossing defendant's tracks at end of street going to dock, charge that defendant was not required as matter of law to maintain watchman during night, but that, if circumstances of crossing made it extraordinarily and peculiarly dangerous, they might find that reasonably prudent person would maintain watchman, and might find defendant negligent because of failure, *held* proper.

2. Railroads ⟲350(5).

Question of negligence of wharf company, owning tracks at end of street going to dock, in not maintaining watchman at night, *held* for jury.

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Suit by Eric Peterson against the Galveston Wharf Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Ballinger Mills, of Galveston, Tex. (Terry, Cavin & Mills, of Galveston, Tex., on the brief), for plaintiff in error.

W. E. Price, of Galveston, Tex., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This was a suit to recover damages for personal injuries suffered by defendant in error. The accident occurred in the city of Galveston at about 10 o'clock p. m., at the end of Twenty-Fifth street. It is in evidence that said street terminates at the harbor opposite the Mallory Dock, and the intervening space is occupied by tracks owned by plaintiff in error, over which freight cars are frequently switched day and night. During the day the public passes freely over the tracks from the end of the street going to the dock.

Defendant in error is a seaman, and at the time of the accident was going to his vessel, which was in dry dock in the harbor, and he expected to find a launch at the Mallory Dock to take him to her. A watchman is employed during the day to warn people crossing the tracks at the end of Twenty-Fifth street, and there was some evidence tending to show that one was also employed at night, but he professed ignorance of the accident. In the course of his charge the judge said:

"It has been pleaded that the defendant was guilty of negligence in not maintaining a watchman at this place. The court instructs you on that point that the defendant is not required as a matter of law to maintain a watchman, either permanently or temporarily, at a crossing, and he is not required to maintain a watchman at all, unless, either permanently or under circumstances of great movement, the place at which the movements are occurring is extraordinarily and unusually dangerous because of the circumstances surrounding the crossing, obstructions, etc., which may be near to or because of its being a populous and used crossing. If, under the circumstances of this case, the jury finds that the circumstances of that crossing where the accident occurred was one which made it extraordinarily and peculiarly dangerous, then the jury may inquire as to whether a reasonably prudent person under such circumstances would have maintained a watchman. If the jury finds that there was such a condition and a reasonably prudent person would have maintained a watchman there, and if the jury finds that, had such a watchman been maintained there, such an injury would not have occurred there, then the jury will find the defendant negligent on that ground, or may find the defendant negligent."

[1, 2] This is assigned as error. The question of negligence, under all the facts and circumstances of the case, is for the jury. We find no error in the charge complained of.

Other errors assigned are equally without merit.

Affirmed.